## HARVEY COMMANDER V. THE STATE.

No. 21020. Delivered May 1, 1940.

The opinion states the case.

*Russell & Edwards,* of Nacogdoches, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is possessing whisky in a dry area for the purpose of sale; the punishment, a fine of $250.00.

Officers went to appellant's home on the 14th day of October, 1939, and instituted a search for intoxicating liquor. Upon entering the house they observed four or five men in a back room standing around a table. Two of the men had whisky glasses. Upon seeing the officers one of the men poured his whisky out. There was an empty pint bottle with a few drops of whisky in it on the table. Also there were three water glasses and a pitcher of ice water on the table. Some of the officers followed a trail from the back door of appellant's house and found that it led to the side of a vacant house not far removed from the home of the appellant. Upon making an investigation of the vacant house, the officers found a loose board in the wall. Upon removing the board they discovered seven half pints of whisky. One of the officers testified: "I saw Harvey Commander (appellant) go around there the evening before and get something * * *. As to whether or not I saw Harvey Commander go up there the evening before, I will say I saw him come out of the back door of his house and go to an automobile parked at the back door and stood there a few minutes and walked up the trail around the house and came back with his hand in his pocket and when he got to the car he took something out and handed it to the driver. It was a bottle." The

sheriff testified, in part, as follows: "I walked down the trail very plain from his (appellant's) back door to an outdoor toilet of this same adjoining house and found several containers, bottles, jugs, and faucets that had contained whisky. It was a plain trail—padded out."

Mrs. Lola Donohue, a witness for the State, testified that shortly prior to the search she saw appellant go to the corner of the vacant house and get a bottle. She said: "It contained a liquid but I don't know what it was." Again she testified: "I saw him get a bottle from the weather-boarding of the house."

It was appellant's version, as shown in his testimony, that the whisky the officers found in his house had been brought there by other parties and that he had no interest in it. Again, appellant testified that he knew nothing about the whisky the officers found in the wall of the vacant house.

Bill of exception No. 1 relates to appellant's objection to the testimony of D. W. Lowe, one of the searching officers, to the effect that he found seven half-pints of whisky in the wall of the vacant house. It is appellant's contention that it had not been shown that he had any connection with said whisky or any knowledge that it was at the place where the officers found it. It is unnecessary for us to determine whether the objection was well taken. It is observed that W. E. McLain, a deputy sheriff, testified, without objection on the part of appellant, as follows: "When we first got there Mr. Cook and Mr. Lowe went in the house. I didn't go in his house. In company with others I found seven pints of whisky in the wall of a house on the outside. We took a trail that led from the back of his (appellant's) back porch to the other house around the corner, the trail leads up there. Mr. Lowe noticed a plank had been removed and moved it and got seven pints of liquor there." In view of the fact that the testimony of Mr. McLain was received in evidence without objection and was substantially the same as that given by Mr. Lowe, we would not be warranted in holding that the bill of exception presents reversible error. However, we disclaim any intention of holding that the testimony of Mr. Lowe was not admissible.

The verdict of the jury was as follows: "We, the jury, find the defendant Harvey Commander guilty and assess his punishment at a fine of $250.00 Two Fifty Dollars." Appellant contends that the verdict is too indefinite and uncertain to support the judgment of the trial court. The jury were advised in the charge of the court that the minimum penalty was

$100.00. It is our duty, in determining whether the verdict is sufficient, to seek to arrive at the meaning of the jury and to give to it a reasonable intendment. Applying this rule, we would not feel warranted in holding that the verdict does not express an intention on the part of the jury to assess the "punishment in terms of the law." In short, we are of opinion that the verdict shows that the jury assessed the punishment at a fine of $250.00.

Failing to find reversible error, the judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.